## In re HOLT'S ESTATE.

Second Division. Nome. July 2, 1927.

No. 3037.

**1. Executors and Administrators ⬤➾346—Sales of Property.**

The administrator sold a large stock of hardware, comprising the greater part of the estate, and the store building at Nome, in which the stock of hardware was on sale, to a purchaser for $25,000, but without obtaining any written order from the probate court authorizing him to do so. The property was sold for less than the appraised value. Thereafter the administrator applied to the probate court, which granted an order nunc pro tunc, reciting that the sale was made on an oral order authorizing the administrator to sell the property, and that by inadvertence the petition asking for the sale had not been filed in the court. On objection to the order on appeal, *held*, both the sale and the order depended on to support it were void.

**2. Executors and Administrators ⬤➾158, 329(1).**

At common law personal property could be sold by the executor or administrator without an order of the probate court. This has been changed by statute in this jurisdiction. The statutes

---

nowhere authorize a joint or mixed sale of real and personal property of an estate, nor a sale of the real estate until the personal property has been exhausted.

**3. Motions ⬤➾56(2)—Courts—Orders Nunc pro Tunc.**

Nunc pro tunc orders presuppose a decree or order allowed or ordered, but not entered, through inadvertence of the court.

The above-entitled matter came on for hearing on the appeal of Mrs. M. A. Holt, widow and one of the legatees of said deceased, from an order of the probate court, Cape Nome precinct, C. W. Thornton, probate judge, for the sale of personal property, dated and filed October 14, 1926, but specifying "that this order be entered nunc pro tunc as of the 13th day of February, 1926." Exceptions to said order were filed November 12, 1926, on the ground that said order was "contrary to law." Amended exceptions were filed in this court January 27, 1927, specifying that "no order, oral or otherwise, was made prior to the sale of said personal property"; that the order "provides for two methods of sale"—"at private sale, either as a whole, or in the regular course of trade"; that, "prior to the time said nunc pro tunc order of sale was entered, said administrator, through a pretended sale to A. F. Wright, had defrauded the estate." The transcript on appeal was filed December 1, 1926. Notices of appeal were served December 18, 1926.

Ira D. Orton and Hugh O'Neill, both of Nome, for appellant.
G. A. Adams, of Nome, for respondent.

LOMEN, District Judge. On January 22, 1927, the court denied respondent's motion to dismiss the appeal. On the hearing of the appeal the following facts conclusively appeared:

Edgar L. Holt died in September, 1925. The present administrator with the will annexed, John Lichtenberg, was first appointed administrator, and as such seems to have continued the hardware business of the estate until he was appointed administrator with the will annexed. The latter has accounted for sales made in the regular course of trade down to January 20, 1926, when he "made a deal" with A. F. Wright for the purchase of the real and personal property pertaining to the business for $25,000. Said Wright appears to have taken over the business at that time, although no money was paid until February 15, 1926, when Wright paid $15,000 to apply on account. The estate consisted

of real and personal property appraised at about $41,000. The store building was appraised at $3,000. This would leave the stock appraised at about $38,000. The claims against the estate amounted to about $31,000.

It appears from the petition for the sale of the real estate, dated and filed February 13, 1926, as alleged by the administrator, "that a portion of the property of said estate is real estate in Nome, Alaska, with the store building thereon, and that the hardware stock therein cannot be sold as a whole to an advantage without the said real property; and, conversely, the said real property cannot be sold to an advantage without the said hardware stock and business." The evidence further shows that no petition for the sale of personal property was filed, or order made thereon, until October 14, 1926, when the nunc pro tunc order mentioned was made, on the petition therefor, purporting to have been made on February 13, 1926, and on the affidavit of G. A. Adams, the attorney for the administrator, to the effect that through inadvertence the said petition was not filed before, but had been exhibited to the probate court, and an *"oral order"* for the sale of personal property obtained.

The order appealed from was thereupon made and entered in words and figures as follows:

"No. 335.   In Probate Court, Cape Nome Precinct, Second Division, Territory of Alaska.

"Estate of Edgar L. Holt, Deceased.

"Order for Sale of Personal Property.

"It appearing from the affidavit of G. A. Adams, filed herein, that an oral order was made authorizing the administrator of said estate to sell the personal property through the regular course of business or as a whole, at private sale, and that through inadvertence of the said affiant the written petition which was used as application to the court for such order was not filed, and that subsequently discovery was made of the failure to file said petition:

"Now, therefore, on application of administrator of the above-entitled matter to have said petition filed nunc pro tunc as of the 13th day of February, 1926, and to have a written order authorizing the administrator to sell the personal property through the regular course of business or as a whole at private sale nunc pro tunc as of ―――― day of February, 1926, it is hereby:

"Ordered, that said petition be now filed nunc pro tunc as of the 13th day of February, 1926; that said administrator be authorized to sell the personal property of said estate, through the regular course of business or as a whole, at private sale, because such mode of sale will

be advantageous to the estate; that this order be entered nunc pro tunc as of the 13th day of February, 1926.

"Done this 14th day of October, 1926.

"[Probate Seal.]                    C. W. Thornton, Probate Judge.

"Filed this 14th day of October, 1926.

"C. W. Thornton, Probate Judge."

It will be observed that there is no finding in said order that "it is for the best interest of the estate" to grant the order, as contemplated by section 1663, Compiled Laws of Alaska, nor did the order direct or prescribe "the terms of sale, whether for cash or credit," as contemplated by said section.

It thus appears that, so far as the proceedings in the probate court are concerned, the order for and the sale of the real estate preceded the sale of the personal property, contrary to the provisions of section 1666, Compiled Laws of Alaska, and the evidence discloses that the understanding between the administrator and the purchaser, Wright, was that the sum bid by the latter for the real estate was to be part of the $25,000 consideration for stock *and* store. Thus the price paid by Wright for the stock was made to depend upon the amount paid for the building. In fact, the store sold for $8,000, though appraised at $3,000. Under the agreement, Wright could, on the sale of the building, outbid the other bidders, without loss to him. Such sale, if attacked, could hardly be sanctioned. The order of sale of real estate and the order confirming same are not before this court for review on this appeal, but the order appealed from, the nunc pro tunc order of sale of personal property, and the action of the administrator prior thereto, in the "deal" of January 20th, are so intimately interwoven with the proceedings for the sale of the real property that they cannot be separated. Like scrambled eggs, they cannot be unscrambled. The sales were tarred with the same stick. One gives color to the other. The petition for the sale of the real estate, dated February 13, 1926, the very day on which the nunc pro tunc order was to take effect, is elucidating. It stated that the hardware stock cannot be sold as a whole without said real property. Both proceedings were evidently intended to carry out the "deal" of January 20th, which was wholly unauthorized. In considering the provisions of the statutes, we are of opinion that the proceedings in the probate court to effectuate this purpose were equally unauthorized and void.

Section 1662, Compiled Laws of Alaska, expressly provides

that "no sale of the property of an estate is valid unless made by order of the commissioner. * * *"· This, of course, means a written order. Indeed, section 1597, Id., expressly provides that "the proceedings of the probate court are in writing." Section 1323, Id., denominates "every direction of a court or judge made or entered in writing * * * an order." Section 1662, Id., provides that "the application for an order of sale shall be by the petition of the executor or administrator." This, too, must be in writing and filed, in order to confer jurisdiction on the court to make the order. No authority to sell could therefore be given by an "oral order," or on a petition not filed. It appears that the sale to Wright was under such oral order, and prior to February 13, 1926, when the nunc pro tunc order was intended to become effective. No sale was made under said order. By the terms of sale of the personal property the consideration to be paid therefor could not be ascertained before the sale of the real property, and the amount bid for the real property reduced the consideration for the personal property to $17,000, less than one-half of its appraised value, and considerably less than such appraised value after deducting therefrom the amounts realized on sales made in the meantime in the general course of trade. Section 1697, Id., provides that "an executor or administrator is chargeable in his account with *all* the property of the estate which may come into his possession at the value of the appraisement contained in the inventory, except as in this chapter otherwise provided." What effect this provision has upon the sale in question is perhaps for the administrator to consider, rather than for the court, on this appeal, but it tends to characterize the irregularity of the sales.

In view of the statutes above cited, the court must hold that the so-called oral order was void, and that the nunc pro tunc order did not and could not aid it; that it, too, was void; further, that nothing was done in execution of the latter order.

At common law personal property could be sold by the executor or administrator without an order of the probate court. This has been changed by statute in this jurisdiction. The statutes nowhere authorize a joint or mixed sale of real and personal property of an estate, nor a sale of the real estate until the personal property has been "exhausted." Section 1666, Id. The petition for the sale of real property must "state the amount of the sales of personal property." Section 1667, Id. Under the

"deal" made with Wright, the "purchaser" of the personal property, this could not be done, and was not attempted. It could only be determined after the sale of the real property.

As to the nunc pro tunc order, it was held in Cuebas v. Cuebas, 223 U. S. 389, 32 S. Ct. 277, 56 L. Ed. 476, that such order "presupposes a decree (or order) allowed or ordered, but not entered, through inadvertence of the court." There was no proper showing for such an order.

The order appealed from is hereby reversed, vacated, and set aside, and the case remanded, for further administration in the probate court.