## In re McDOUGAL'S ESTATE.
### No. 3664.

District Court of Alaska. Second Division. Nome.
July 27, 1945.

Ira D. Norton, of Nome, for O. D. Cochran, appellant.
C. C. Tanner, of Nome, for City of Nome, respondent.

KEHOE, District Judge.

The question to be decided in this matter is whether a co-executor may prosecute an appeal to the District Court from an order of the Probate Court denying executors' petition for an order of sale of real property and ordering the petition dismissed.

O. D. Cochran and H. G. Gabrielson are co-executors of the last will of McDougal, now being probated in the Probate Court for the Cape Nome Precinct.

Both executors petitioned in the court below for an order of sale of the real property of the McDougal estate. That court, upon a hearing on a demurrer filed to the petition, denied the petition and dismissed it. Now O. D. Cochran, one of the executors, seeks a reversal of the order of denial and dismissal. H. G. Gabrielson, his co-executor, does not join in the appeal.

The transcript on appeal filed in this court consists of the McDougal will, the petition of the co-executors for an order of sale of real property, a demurrer to said petition by the City of Nome, the order of the Probate Court de-

nying the petition and dismissing it, exceptions to that action and notice of appeal and proof of service.

The City of Nome, a municipal corporation, as devisee of the real estate sought to be sold, has filed in this court a motion to dismiss the appeal on the following grounds:

(1) Said appeal has been taken by only one of two qualified and acting joint and co-executors of the above named estate; H. G. Gabrielson, co-executor, not having joined in said appeal.

(2) O. D. Cochran, executor and appellant, has no beneficial interest in the appeal matter involved, and, therefore, has no right of appeal.

It is obvious that if O. D. Cochran, alone as a co-executor, does not have such interest in the real property of the estate as to justify him in objecting to the action of the court below, it is decisive of this appeal.

Section 4571, C.L.A.1933, provides:

"There shall be an appeal to the District Court of the Territory from all orders, decrees and judgments of the commissioner exercising the jurisdiction of a court of probate."

Section 4572, C.L.A.1933, provides that in case of decedents any heir, legatee, devisee, creditor, or other person interested in the estate may file exceptions with the Commissioner acting as a court of probate to any order of the commissioner. It further provides that the Commissioner upon the filing of such exception shall make a transcript of all files, papers and evidence pertaining to such order and forward the same to the clerk of the District Court.

It clearly appears that appellant, O. D. Cochran, is attempting to prosecute this appeal as an executor, and not as an heir, legatee, devisee or creditor of the estate. His only connection with the estate is that of executor. Is this such an interest as brings him within the class of persons mentioned in the statute, Sec. 4572, C.L.A.1933, as an "other person interested in the estate"?

The court is of the opinion that an executor does not have such an interest.

■ The rule prevails in most jurisdictions that in the absence of testamentary provision to the contrary, the real property belonging to a decedent's estate is liable for his debts only in the event that the personal property of the estate is insufficient to pay such claims and that the realty shall not be sold for such purpose unless the personal property is insufficient therefor. 21 Am.Jur. 703. Executors and Administrators Sec. 574; In re Banfield's Estate, 137 Or. 256, 3 P.2d 116; In re Holt's Estate, 7 Alaska 630, 632.

■ But it has been held that such rule may not be invoked by an executor as such on appeal since the personal representative has no interest in the real estate of his decedent except insofar as is necessary for the payment of debts of the estate.

The petition for sale of real property in the court below states that all legacies and bequests contained in the will of deceased have been paid in full except the bequest reading as follows:

"The balance and residue of my estate after above instructions have been completed, I bequeath to the City of Nome to be used in the promotion of health or other welfare of the City of Nome at the discretion of a board composed of the Administrators of this estate and the then Mayor of Nome. The store may be operated as a municipal project or if this is impractical it may be sold to the best advantage and the proceeds used as above directed."

No allegation is made that there are debts or claims unpaid for which the personal property of the estate is insufficient and it clearly appears from the above quoted bequest that there is still some personal property in the estate. The balance and residue of the estate consists of four separate pieces of real estate together with a drug store. The real estate is alleged to be used by the executors for and in connection with the business of conducting the drug store business known as "The Nome Drug Store."

The petition for sale further alleges that the City of Nome has no power or authority to conduct a drug store or business.

It appears, therefore, that the executors desire to sell the real estate because, as alleged, the City may not operate the drug store. This is the only basis for the petition.

 But under the terms of the will no clear direction is found which authorizes the executors to sell the real property of the estate. That property, under the law of this jurisdiction, vested in the City of Nome immediately upon the death of the testator, subject only to the payment of his debts. 69 C.J. 1150. The City holds the legal title to it, in trust for the citizens of Nome, and in disposing of it is bound to do so at the direction of the board mentioned in the will, consisting of the Mayor of Nome and the two executors of the will, for the purposes therein specified. Certainly, one of the co-executors has no such interest in the real estate on the showing made in the petition for sale of the real property as would entitle him to appeal from the order of the Probate Court denying the prayer of that petition.

The appeal will be dismissed.